IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD BELLMAN, # B-32157, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-760-GPM |
| | ) |
| VIENNA CORRECTIONAL CENTER, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Richard Bellman[1] is currently incarcerated at Vienna Correctional Center ("Vienna"), where he is serving a two-year sentence for DUI. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, seeking damages for violations of his rights which he claims have occurred during his confinement at Vienna.

Plaintiff begins his statement of claim with a string of legalese and nonsensical statements that appear to be copied from other prisoner complaints filed recently in this Court (Doc. 1, p. 5). Plaintiff then alleges that he was sent to Vienna on May 23, 2013, and was initially housed on the second floor in Building 19. *Id.* He was moved to the third floor of Building 19 on June 5, 2013, and apparently remained there through the time he filed this action on July 29, 2013. *Id.* According to Plaintiff, he experienced a number of problems with the conditions of confinement. The housing unit has overhead pipes in the living quarters that contain asbestos, and there is black mold in the living quarters and restroom. *Id.* The second floor has three toilets and two urinals for 100 prisoners, and the third floor has only three toilets

---

[1] In the complaint, Plaintiff's surname is spelled two different ways: "Bellman" and "Bellmon" (Doc. 1, p. 1).

and two urinals for 104 inmates. *Id.* The toilets splash water out of the bowl onto Plaintiff when flushed, and overflow onto the floor where he must walk. *Id.* Water drips onto Plaintiff's head from the restroom ceiling. *Id.* The restroom lacks ventilation, and smells of feces. *Id.* The living quarters has insufficient ventilation. *Id.* The shower water backs up and flows onto the dayroom floor. *Id.* Finally, he alleges that the unit is infested with spiders and bugs that crawl on him at night and bite him, leaving sores all over his body. *Id.* There are also mice and rats that get into his personal things, eat his food, and tear up his property. *Id.* Fire alarms go off daily but no guards come to check on the inmates. *Id.* Plaintiff claims these conditions endanger his safety and health. *Id.*

**<u>Merits Review Pursuant to 28 U.S.C. § 1915A</u>**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. Although Plaintiff's statement of claim contains sufficient facts to indicate that the conditions of his confinement may violate Eighth Amendment standards, the complaint suffers from several flaws. It thus does not survive § 1915A review, and the action shall be dismissed.

First, Plaintiff's complaint invokes both 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1, p. 1). However, the FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. Therefore, all FTCA claims must be dismissed with prejudice.

Second, the only named Defendant, "Vienna Correctional Center," is not an entity subject to being sued in a civil rights claim. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of*

*State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Likewise, the Vienna Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will*, 491 U.S. at 71. While the warden of the prison would be a proper defendant to answer claims regarding the conditions of confinement, *see Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001), and this defect can be easily cured, there is one more impediment to this action proceeding.

Under the Prison Litigation Reform Act, exhaustion of available administrative remedies is a precondition to bringing suit. 42 U.S.C. § 1997e(a); *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004). However, the complaint unequivocally states that Plaintiff did not even attempt to utilize the prisoner grievance procedure before filing this action, because "[t]hey are not the court" (Doc. 1, p. 4). Although administrative procedures are distinct from the judicial system, § 1997e(a) must still be satisfied. "[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts . . . . Allegations in a complaint are binding admissions . . . and admissions can of course admit the admitter to the exit from the federal courthouse." *Jackson v. Marion Cnty.*, 66 F.3d 151, 153-54 (7th Cir. 1995). *See also Lekas v. Briley*, 405 F.3d 602, 613-14 (7th Cir. 2005); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). Plaintiff's statement that he failed to use the prison grievance procedure is a clear admission that this action was prematurely filed. It therefore shall be dismissed, albeit without prejudice. If and when the exhaustion requirement is satisfied, Plaintiff can file a new action.

**Disposition**

IT IS HEREBY ORDERED that all Federal Tort Claim Act claims are **DISMISSED** with prejudice. Defendant **VIENNA CORRECTIONAL CENTER** is **DISMISSED** with prejudice. This action is **DISMISSED** without prejudice pursuant to 29 U.S.C. § 1997e(a).

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Further, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

The Clerk of the Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: August 27, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge